IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Number 08-0004ML |
| v. | Violation of 18 U.S.C. § 2113(a) |
| DANIEL TEJEDA | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States (the "United States" or "Government") and Defendant Daniel Tejeda ("Defendant") have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will plead guilty to Count I of the Indictment, which charges Defendant with Bank Robbery, in violation of 18 U.S.C. § 2113(a).

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The Government will recommend that the Court impose a term of imprisonment at the lowest point within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines, provided that Defendant does not seek a downward departure under the guidelines or advocate for a sentence below the guideline range.

b. For purposes of determining the offense level, the Government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under

§ 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the Government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the Government to prepare for trial.

d. The Government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

a. Defendant stole funds from Sovereign Bank in the amount of no less than $5,993.00;

b. In the course of and in furtherance of this theft, Defendant handed a bank teller a note that he had prepared and that stated "I have a gun all your cash or you die. 100's,

50's, 20,'s 10's and 5's. hand It to me normally and no one gets hurt. Take longer than 30 seconds and I start shooting[;]" and

c. Defendant has not returned or made any effort to return the funds to Sovereign Bank, any party with a claim to the funds, or any party that Defendant believes or believed had a claim to the funds.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which Defendant is pleading are 20 years imprisonment, restitution of $5,993.00; a fine of up to $250,000, a term of supervised release of three years, and a mandatory special assessment of $100. Defendant has also been charged in a criminal complaint docketed as criminal case number 08-mj-44A with the offense of fraud and related activity in connection with access devices in violation of 18 U.S.C. § 1029(a)(2) and is pleading guilty to an one-count Information which charges the same offense. If maximum penalties for all offenses to which Defendant is pleading are imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are 30 years imprisonment, restitution of $11,692.54, a fine of up to $500,000, a term of supervised release of six years, and a mandatory special assessment of $200.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special

assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the Government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The Government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. Defendant understands that the Government does not intend to conduct DNA testing of any evidence in this case. Defendant further understands that Defendant could request DNA testing of evidence, including physical evidence, in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense to which Defendant is pleading guilty, Defendant has the right to request DNA testing of evidence, including physical evidence, pursuant to 18 U.S.C. § 3600. Knowing and understanding this right to request such DNA testing, Defendant hereby

knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have any evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, any physical evidence in this case need not be retained for any such purpose.

10. The Government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the Government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within the Guideline range or lower. This

agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the Government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the Government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the Government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

Daniel Tejeda
Defendant
06-26-08
Date

Kevin J. Fitzgerald
Counsel for Defendant
6-26-8
Date

Milind M. Shah
Assistant U.S. Attorney
6/27/08
Date

Stephen G. Dambruch
Assistant U.S. Attorney
Chief, Criminal Division
6/27/08
Date