UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 08-004ML |
| | : | CR No. 08-059ML |
| DANIEL TEJEDA | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, Defendant appeared for a status hearing on May 15, 2015, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At this hearing, I ordered Defendant detained pending a final sentencing hearing before District Judge Mary M. Lisi.

Based upon the following analysis and the admission of Defendant, I recommend that Defendant be committed to the Bureau of Prisons for a term of ten months' incarceration in each case to run concurrently with no further supervised release.

**Background**

On April 9, 2015, the Probation Office petitioned the Court for the issuance of an arrest warrant. On April 9, 2015, the District Court reviewed the request and ordered the issuance of an arrest warrant. Defendant was brought before the Court for a status hearing on May 15, 2015 at which time Defendant admitted to the following charges:

**While on probation, Defendant shall not commit another federal, state or local crime.**

On December 6, 2014, Mr. Tejeda committed the offenses of Unlicensed Operation of a Motor Vehicle, Trespassing and Speeding in Lawrence, Massachusetts, as evidenced by his arrest by the Lawrence Police Department on that date.

**While on probation, Defendant shall not commit another federal, state or local crime.**

Mr. Tejeda committed the offenses of Criminal Harassment, Annoying Telephone Calls and Threat to Commit a Crime, between March 25, 2015 and March 28, 2015, as evidenced by Fall River Police Department Summons Report No. 15-1206-AR.

**While on probation, Defendant shall not commit another federal, state or local crime.**

Mr. Tejeda committed the offenses of Distribute Obscene Matter, Unauthorized Access to a Computer System (four counts), Criminal Harassment – Subsequent Offense, Threat to Commit a Crime and Annoying Telephone Calls, as evidenced by Fall River Police Department Incident Report No. 15-1804-OF and Warrant No. 15-132-WA.

**While on probation, Defendant shall not commit another federal, state or local crime.**

Mr. Tejeda committed the offense of Criminal Harassment, Subsequent Offense, as evidenced by New Bedford Police Department Incident Report No. 15-3508-OF.

**Defendant shall not leave the judicial district without permission of the Court or Probation Officer.**

On December 6, 2014, Mr. Tejeda traveled to Lawrence, Massachusetts without prior approval from the U.S. Probation Office, as evidenced by his arrest by the Lawrence Police Department on that date.

**Defendant shall not leave the judicial district without permission of the Court or Probation Officer.**

On March 31, 2015, Mr. Tejeda traveled to New Bedford, Massachusetts and Boston, Massachusetts without prior permission from the U.S. Probation Office, as evidenced by Mr. Tejeda's admission to Officer Dufresne on that date.

**Defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.**

On February 18, 2015, March 12, 2015, March 16, 2015, March 18, 2015 and March 23, 2015 for location monitoring purposes, Mr. Tejeda was instructed to provide documentation for medical-related visits attended. To date, Mr. Tejeda has failed to provide all requested documentation.

**Defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.**

Mr. Tejeda was terminated from his employment, Chipotle Mexican Grill, on March 5, 2015 and failed to truthfully notify the Probation Officer.

**Defendant shall perform 200 hours of community service within the first year of supervision, as directed by the Probation Officer.**

Mr. Tejeda has failed to complete 200 hours of community service as directed by Officer Dufresne on September 27, 2013, December 5, 2013, January 8, 2014, January 23, 2014, January 24, 2014, March 3, 2014 and March 7, 2014.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed in each case, therefore, the terms cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for Class C felonies in CR Case Nos. 08-004ML and 08-059ML. Therefore, he may not be required to serve more than two years' imprisonment upon revocation in each case. However, since Defendant has already served eleven months' imprisonment as a result of one or more previous revocations, the statutory maximum term of imprisonment remaining is thirteen months in each case.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized maximum term of supervised release is five years on each count. The authorized statutory maximum term of supervised release is thirty-six months on each case. There has been a total of eleven months' imprisonment previously imposed for violations

of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the eleven months previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant committed Grade B and C violations, and the statutory maximum term of supervised release has already been imposed. Therefore, the Court may not extend supervision but may revoke or modify the conditions of supervision on each case.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §

5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. In this case, the first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. There is an outstanding restitution balance in the amount of $5,789.72 for CR No. 08-004ML and $4,313.00 for CR No. 08-059ML. Interest has been waived. There is an outstanding location monitoring of thirty days.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant was originally sentenced. In this instance, Defendant had a Criminal History Category of I at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed Grade B and C violations, and he has a Criminal History Category of I. Therefore, the applicable range of imprisonment for this violation is four to ten months in each case.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant is on supervised release for two separate felony cases. The first (CR No. 08-059ML) is an identity theft conviction. Defendant fraudulently used the identity of a fellow Marine who went through boot camp with him. Defendant was interviewed by law enforcement regarding this case in March 2007 and finally charged in 2008. The second (CR No. 08-004ML) is a bank robbery conviction. While the identity theft investigation was pending, Defendant robbed a bank in late 2007. On December 18, 2008, Defendant received concurrent sentences of forty-one months in these cases to be followed by a thirty-six month term of supervised release. Defendant was released and commenced his initial period of supervised release on March 25, 2011.

This is Defendant's third violation case. The background of the prior two cases is detailed in my Report and Recommendations dated October 18, 2011 and March 19, 2013 and will not be repeated here. Suffice it to say, Defendant has a long and consistent history of noncompliance while on supervised release. He has been arrested several times by local police for various crimes. He served a total of eleven months in prison on the prior violations in this case.

Defendant has admitted to Grade B and C violations in the instant violation case. The guideline range in each case is four to ten months, and the statutory maximum in each case is thirteen months. The parties made a joint sentencing recommendation of concurrent ten-month sentences with no further supervised release.

While I feel compelled to adopt the joint recommendation since it was the result of a plea negotiation, there is a strong argument in this case for consecutive sentences given Defendant's history

of repeated and blatant noncompliance. In addition, this pattern of giving Defendant the benefit of concurrent sentences has essentially insulated him from punishment on the identity theft charge. In fact, during his original sentencing hearing in 2008, Judge Lisi advised Defendant that he was effectively getting a "free pass" on the identity theft charge since the guideline range on the bank robbery case would have been the same with or without the identity theft case. The same argument holds true for the concurrent sentences imposed on his prior violations. In any event, as previously noted, I feel compelled to adopt and recommend the parties' joint recommendation of concurrent ten-month sentences since it is not outside the bounds of reasonableness and was the result of plea negotiations resulting in Defendant's admissions and waiver of his right to a revocation hearing.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), I recommend that Defendant be committed to the Bureau of Prisons for a term of ten months' incarceration in each case to run concurrently with no further supervised release.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. LR Cr 57.2; Fed. R. Crim. P. 59. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 4, 2015